UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
SALEEM R. WILLIAMS,

                Plaintiff,

      - against -

CITY OF NEW YORK, *et al.*,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-5482 (PKC) (SDE)

PAMELA K. CHEN, United States District Judge:

On September 30, 2025, Plaintiff Saleem R. Williams, proceeding *pro se*, filed this action against the City of New York, the New York City Department of Sanitation ("DSNY"), the New York City Police Department ("NYPD"), and John and Jane Does 1–10 (altogether, "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983").[1] (Compl., Dkt. 1, at ECF[2] 1.) On October 30, 2025, the Court denied Plaintiff's request to proceed *in forma pauperis* ("IFP") because his IFP application was incomplete. (Mem. & Order Denying IFP, Dkt. 4.) The Court directed Plaintiff either to file a Long Form IFP application or pay the filing fee. (*Id.*) On November 17, 2025, Plaintiff timely filed the Long Form IFP application and an affidavit in support. (Long Form IFP Appl., Dkt. 5.)

---

[1] Plaintiff also filed the following actions: *Williams v. City of New York, et al.*, No. 25-CV-5491 (PKC) (SDE); *Williams v. City of New York, et al.*, No. 25-CV-5494 (PKC) (SDE); and *Williams v. State of New York, et al.*, No. 25-CV-5993 (PKC) (SDE).

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

The Court grants Plaintiff's request to proceed IFP.[3]  For the reasons stated below, the Complaint is dismissed at this time.  Plaintiff has thirty (30) days to file an amended complaint if he intends to proceed with this case.

## BACKGROUND[4]

On August 29, 2024, Plaintiff was inside his recreational vehicle ("RV")[5] parked in Brooklyn, New York. (Compl., Dkt. 1, at ECF 2.)  Around 10:40 p.m., Plaintiff was "approached by DSNY personnel and ordered to relocate the RV before 7:00 [a.m.]" the following morning. (*Id.*)  Plaintiff "informed the DSNY supervisor that the RV was inoperable and that a tow truck was required for its removal." (*Id.*)  "Despite multiple attempts [to hire one], no appropriately sized tow truck was available due to the late hour." (*Id.*)

The following morning, at approximately 6:30 a.m. on August 30, 2024, "Plaintiff was forcibly awakened by loud banging on the RV by DSNY personnel, who informed him that a tow truck was en route to remove all allegedly 'abandoned' vehicles." (*Id.*)  Plaintiff "facilitated a phone conversation between the DSNY supervisor" and a tow truck driver, "who stated he would arrive within 30 minutes." (*Id.*)  The DSNY supervisor ordered that Plaintiff's RV be towed away

---

[3] In the Court's Memorandum and Order denying Plaintiff's first request to proceed IFP, the Court observed several apparent discrepancies between Plaintiff's IFP application and the facts he described in his various complaints. (Mem. & Order Denying IFP, Dkt. 4, at 3–4.)  The Court finds that Plaintiff adequately explained those apparent discrepancies in his Long Form IFP application, (*see* Long Form IFP Appl., Dkt. 5, at ECF 6–8).

[4] The Court assumes that all material factual allegations in the Complaint are true for the purpose of this Memorandum and Order.  *See Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 58 (2d Cir. 1998) (when reviewing complaint for *sua sponte* dismissal, court is required to "accept the material allegations in the complaint as true").

[5] In Plaintiff's Long Form IFP application, he does not list an RV among the assets he owns. (Long Form IFP Appl., Dkt. 5, at ECF 3.)  He states that in September 2025, he had to sell a motor vehicle he owned due to financial hardship. (*Id.* at ECF 7.)  The Court presumes that that motor vehicle is the RV described in his Complaint.

by a DSNY tow truck if the tow truck that Plaintiff had requested "did not arrive within the specified time." (*Id.*)  When Plaintiff's tow truck arrived, it was "too small to transport the RV." (*Id.*)  A larger tow truck was dispatched, but "the DSNY supervisor refused to wait and ordered the immediate towing of the RV" by the DSNY tow truck. (*Id.*)

Plaintiff then "re-entered the RV to prevent its unlawful towing," and the DSNY supervisor summoned the NYPD's Emergency Service Unit ("ESU"). (*Id.*)  "ESU officers arrived, forcibly entered Plaintiff's RV by destroying the lock and rear window, and removed Plaintiff." (*Id.*)  Plaintiff was "arrested in public view and charged with 'theft of service.'" (*Id.*)  Plaintiff states that "a responding ESU officer acknowledg[ed] the lack of probable cause" for his arrest. (*Id.* at ECF 2–3.)

Bystanders recorded footage of Plaintiff's arrest and disseminated it on social media, "causing Plaintiff public humiliation and reputational harm." (*Id.* at ECF 3.)  To recover his RV from the DSNY storage facility after it was towed, Plaintiff "was compelled to pay $395.00 in impound fees and $400.00 for a tow truck." (*Id.*)

Attached to the Complaint is a Certificate of Disposition from the Kings Criminal Court, which shows that the charges stemming from Plaintiff's August 30, 2024 arrest were dismissed on December 5, 2024. (*Id.* at ECF 5.)  Also attached is a Notice of Claim that Plaintiff filed on February 4, 2025, pursuant to New York General Municipal Law § 50-e, describing the nature of his claims against the City of New York, the DSNY, and the NYPD. (*Id.* at ECF 6–8.)

## LEGAL STANDARD

The Court is required to dismiss any complaint brought IFP if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  To avoid dismissal for failure to state a claim, a complaint must plead "enough

3

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, so the Court reads a plaintiff's *pro se* complaint liberally and interprets it to raise the strongest arguments and claims that it suggests. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) ("This policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" (alteration in original) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983))). If "a liberal reading of the complaint gives any indication that a valid claim might be stated," the Court must grant the *pro se* party the opportunity to amend their complaint before dismissal. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

In this action, Plaintiff sues Defendants under Section 1983 for alleged violations of his constitutional rights. (*See* Compl., Dkt. 1, at ECF 1.) Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *accord Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under Section 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived [the plaintiff] of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274

F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

## I.     Dismissal of Claims Against the DSNY and NYPD as Non-Suable Entities

Plaintiff brings claims against the DSNY and NYPD.  (Compl., Dkt. 1, at ECF 1–2.)  The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."  N.Y. City Charter ch. 17, § 396.  That provision "has been construed to mean that New York City departments [and agencies], as distinct from the City itself, lack the capacity to be sued."  *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 160 (2d Cir. 2008) (citing *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007)).  The DSNY and NYPD are therefore not suable entities.  *See, e.g.*, *Maiorino v. N.Y.C. Dep't of Sanitation*, No. 25-CV-0097 (LJL), 2025 WL 2928902, at *4 (S.D.N.Y. Oct. 15, 2025) (DSNY not a suable entity); *Jenkins*, 478 F.3d at 93 n.19 (NYPD not a suable entity).  Accordingly, the Court dismisses Plaintiff's claims against the DSNY and NYPD for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).

## II.    Dismissal of Claims Against the City of New York for Failure to State a Claim

Plaintiff also brings claims against the City of New York.  (Compl., Dkt. 1, at ECF 1–2.) To sustain a claim for relief under Section 1983 against a municipal defendant such as the City of New York (a "*Monell*" claim), a plaintiff must show: (1) the existence of an official municipal policy or custom, and (2) that the policy or custom directly caused plaintiff's constitutional injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 61 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law").

5

Here, Plaintiff has not alleged such a policy or custom. Moreover, the Complaint does not suggest that the incident described was part of a persistent or widespread practice. *See Jones v. Town of East Haven*, 691 F.3d 72, 81 (2d Cir. 2012) ("[I]solated acts of excessive force by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy or usage that would justify municipal liability." (citations omitted)); *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 538 (S.D.N.Y. 2012) ("single instance" of unconstitutional conduct held insufficient to establish municipal policy (citations omitted)). Therefore, Plaintiff has not made the required showing to confer *Monell* liability on the City of New York, and the Court dismisses Plaintiff's claims against the City of New York for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

### III.    Dismissal of Claims Against John/Jane Does 1–10 for Failure to State a Claim

Plaintiff brings claims against ten unnamed individual Defendants for unlawful search and seizure, false arrest and imprisonment, and deprivation of property without due process. (Compl., Dkt. 1, at ECF 1–3.) Claims brought against individuals pursuant to Section 1983 must allege each defendant's direct or personal involvement in the constitutional deprivation. *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, had violated the Constitution." (quoting *Iqbal*, 556 U.S. at 676)).

Here, Plaintiff describes the John/Jane Doe Defendants as "unknown officers and agents of the DSNY and NYPD whose identities are currently unknown to Plaintiff." (Compl., Dkt. 1, at ECF 2.) This description is not sufficient to show that these individuals were personally involved in violating Plaintiff's constitutional rights. However, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days. In the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim, and he must describe how

6

each individual Defendant was personally involved in the acts or omissions giving rise to his claims. If Plaintiff cannot identify the individual Defendant by name, he may identify each Defendant as John or Jane Doe #1, acting as an employee of _____(agency), on _____(date) at _____(time); he must also provide a physical description of each individual.

## CONCLUSION

The Court grants Plaintiff's request to proceed IFP and dismisses the Complaint for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted thirty (30) days to file an amended complaint. If he elects to do so, it must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order, No. 25-CV-5482 (PKC) (SDE). The amended complaint will replace the original complaint, so it must stand on its own without reference to the original complaint. The amended complaint will be reviewed for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B). If Plaintiff does not file an amended complaint (or request an extension of time) within the time allowed, the Court will dismiss the Complaint without prejudice and direct the Clerk of Court to enter judgment and close the case.

Plaintiff is advised that the City Bar Justice Center provides free, confidential, limited-scope legal service to pro se litigants at the Brooklyn Federal Courthouse. More information about the City Bar Justice Center is available online at https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/ and by phone at (212) 382-4729.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore denies IFP status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Plaintiff and note the mailing on the docket.

7

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 16, 2025
       Brooklyn, New York

8